UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| SETH THOMPSON, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> -vs- <br><br> BRETT BROS. SPORTS INTERNATIONAL, INC., and DOES 1-10, inclusive, <br><br> Defendant. | CASE NO. _____ <br><br><br><br><br><br> **CLASS ACTION COMPLAINT AND JURY TRIAL DEMAND** |

Plaintiff Seth Thompson, on behalf of himself and all others similarly situated alleges as follows: Plaintiff's allegations are based on the investigation of counsel, and thus on information and belief, except as to the individual actions of Plaintiff, as to which Plaintiff has personal knowledge.

## THE PARTIES

1. Seth Thompson is a citizen and resident of Adel, Dallas County Iowa. He purchased an "Ionic" necklace for himself after hearing and reading statements made by prominent former professional baseball player, George Brett, endorsing the Ionic necklace. Plaintiff saw and relied on the marketing and advertising materials promoting the Ionic necklace and has been damaged in his purchase of an Ionic necklace as a direct result of false and/or misleading marketing and advertising materials by Brett Bros. Sports International, Inc.

2. Brett Bros. Sports International, Inc. (hereafter "Brett Bros." or "Defendant") is a Washington corporation headquartered in Spokane Valley, Washington, and does business throughout Iowa and the United States. Brett Bros. is the developer and manufacturer of the Ionic and Titanium necklaces and bracelets (collectively "Brett Bros. Accessories" or "Accessories"). These are products which Brett Bros.' advertising claims will help relieve stiffness in the shoulders and neck, eventually stabilizing your whole body, as well as help recovery from sports fatigue, restore important ion balance, and improve concentration and focus.

3. Plaintiff does not know the true names or capacities of the persons or entities sued herein as DOES 1-10, inclusive, and therefore sue such Defendants by such fictitious names. Plaintiff is informed and believes, and upon such information and belief alleges, that each of the DOE Defendants is in some manner legally responsible for the damages suffered by Plaintiff and the members of the class as alleged herein. Plaintiff will amend this complaint to set forth the true names and capacities of these Defendants when they have been ascertained, along with appropriate charging allegations, as may be necessary.

4. As at all times herein mentioned, Defendants and each of them were the agents, principals, servants, employees and subsidiaries of each of the remaining Defendants and were at all times acting within the purpose and scope of such agency, service, and employment and directed, consented, ratified, permitted, encouraged and approved the acts of each remaining Defendant.

## JURISDICTION AND VENUE

5.  This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because at least one Class member is of diverse citizenship from one Defendant; there are more than 100 Class members nationwide; the aggregate amount in controversy exceeds $5,000,000; and minimal diversity exists.

6.  Venue is proper in this District under , 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims occurred and/or emanated from this District, and Defendants have caused harm to Class members residing in this District. Further, Plaintiff resides in this District.

## FACTUAL ALLEGATIONS

7.  Defendants have distributed in commerce Brett Bros. Accessories throughout the United States.  George Brett, a 1999 Baseball Hall of Fame inductee, has been president of the corporation since June 2001.

8.  Beginning sometime in 2008 and continuing through October 2010, Brett Bros. made misleading statements about Brett Bros. Accessories on its website directly.

9.  In the "Ionic Gear" section of Brett Bros.' website it states:

"Rejuvenate your body from physical activity & stress. The IONIC necklace helps relieve stiffness in the neck and shoulders, eventually stabilizing your whole body.
**Features:**
- Ease neck, shoulder and upper back pain.
- Help recovery from sports fatigue.
- Restore important ion balance.
- Improve concentration and focus."

10.  This same "Ionic Gear" section also contains the following statements:

3

"Rejuvenate your body from physical activity and stress. Our T2X Ionic necklace helps relieve stiffness in the shoulders and neck, eventually stabilizing your whole body technologies and products."

11.     This same "Ionic Gear" section also contains the following statements:

"TITANIUM TRIPLE STRENGTH BRACELET

Brett Bros stylish titanium bracelet features silver and gold anodizing and two roller magnets. Helps ease pain and stiffness in your wrist, hand and elbow."

12.     Brett Bros. also markets a bracelet which it misleadingly calls the "Titanium Performance Bracelet."

13.     Although Brett Bros. appears to no longer make the representations alleged in Paragraphs 9-11 on its web-site, similar representations currently appear on Brett Bros. Accessories packaging. For example, the packaging for the Brett Bros. Ionic Necklace contains the following representations:

"Rejuvenate your body from physical activity & stress. IONIC necklace helps relieve stiffness to the shoulders and neck, eventually stabilizing your whole body.
This product will still maintain its ion producing properties when hand washed or for those active in water sports."

14.     Similar representations as those alleged in paragraphs 9-11 above are currently being made by several companies that distribute Brett Bros. accessories, such as Valle Baseball (http://www.vallebaseball.com/Brett-Bros-Ionic-Gear-p/brett_ig.htm), Amazon.com

4

(http://www.amazon.com/Brett-Triple-Strength-Titanium-Bracelet/dp/B00415PH9E/ref=sr_1_11?s=jewelry&ie=UTF8&qid=1327448823&sr=1-11), Tejas Team Sports (http://www.tejasteamsports.com/ionicgear/), Worldofsoftball.com (http://www.worldofsoftball.com/Ionic-Gear-Necklace-P39.aspx), Triple Sports Athletic Warehouse (http://www.triple-s-sports.com/bretionictitaniumnecklace.aspx), Beacon Sporting Goods (http://www.beaconsportinggoods.com/servlet/the-1292/Brett-Bros-Ionic-Gear/Detail), and Baseballfly.com (http://www.baseballfly.com/servlet/the-70/Brett-Bros-Ionic-Gear/Detail) to name just a few.

15. In fact both the Beacon Sporting Goods and Baseballfly.com websites represents that:

"Brett Bros® brings you Ionic Gear which **promises** to rejuvenate your body from physical activity & stress. The IONIC necklace helps relieve stiffness in the neck and shoulders, eventually stabilizing your whole body. The IONIC molecules inside the necklace will help rejuvenate your body from the strain of physical activity and stress." (emphasis added).

16. The manner in which Brett Bros accessories are marketed and advertised, such as through the statements described above, is misleading to an average consumer. Most consumers, when reading these claims, and seeing the products endorsed by a high-profile baseball player, assume that these products have the health benefits that are marketed and advertised and that scientifically significant research supports statements made by Brett Bros, when in fact that is not the case.

5

17.     Plaintiff, in purchasing the Brett Bros. necklace, was misled by the marketing and advertising materials concerning the Brett Bros. Accessories. When he purchased the Brett Bros. necklace he believed the statements made concerning the necklace's ability to reduce sports fatigue, and improve concentration and focus. He relied on the misleading marketing and advertising of Brett Bros. and has been damaged by purchasing the product and not receiving what Brett Bros. led him to believe he was buying.

## CLASS ACTION ALLEGATIONS

18.     Plaintiff brings this lawsuit, both individually and as a class action on behalf of similarly situated purchasers of Brett Bros Accessories, pursuant to Federal Rule of Civil Procedure 23(b)(2) and (3). The proposed Class consists of:

> All persons who purchased one or more Brett Bros Accessories including bracelets and necklaces within the applicable class period (four years prior to filing of this action).

Excluded from the proposed Class are Defendants, its respective officers, directors, and employees, any entity that has a controlling interest in Defendants, as well as those who purchased Brett Bros Accessories for the purpose of resale. Any claims for personal injury or consequential damages, not otherwise permitted under the facts pled herein, are expressly excluded from this action. Plaintiff reserves the right to amend the Class definition as necessary.

19.     **Numerosity:** Upon information and belief, the Class compromises thousands of consumers throughout the United States of America and is so numerous that joinder of all members of the Class is impracticable. While the exact number of Class members is

presently unknown and can only be ascertained through discovery, Plaintiff reasonably believes that there are tens of thousands of Class members.

20. **Common Question of Law and Fact Predominate:** There are questions of law and fact common to the Class, which predominate over any individual issues, including:

    A.    whether Defendants have any substantiation for its claims regarding Brett Bros Accessories prior to making them and, if so, the adequacy of the substantiation;

    B.    whether Defendants' claims regarding Brett Bros Accessories are deceptive or misleading;

    C.    Whether Defendants' engaged in false and/or misleading advertising;

    D.    Whether Defendants' conduct as alleged herein violates the ICFA;

    E.    Whether Plaintiff and Class members have sustained monetary loss and the proper measure of that loss; and

    F.    Whether Plaintiff and Class members are entitled to declaratory and injunctive relief.

21. **Typicality:** Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and all members of the Class have been similarly affected by Defendants' common course of conduct since they all relied on Defendants' representations concerning their products and purchased the products based on those representations.

22. **Adequacy of Representation:** Plaintiff will fairly and adequately represent and protect the interest of the Class. Plaintiff has retained counsel with substantial experience in handling complex class action litigation. Plaintiff and his counsel are committed to

7

prosecuting this action vigorously on behalf of the Class and have the financial resources to do so.

23.     **Superiority of the Class Action:** A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all Class members is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are likely in the millions of dollars, the individual damages incurred by each Class member resulting from Defendants' wrongful conduct are too small to warrant the expense of individual suits. The likelihood of individual Class members prosecuting their own separate claims is remote, and even if every Class member could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases. Individual members of the Class do not have a significant interest in individually controlling the prosecution of separate actions, and individualized litigation would also present the potential for varying inconsistent, or contradictory judgments, and would magnify the delay and expense to all of the parties and to the court system because of multiple trials of the same factual and legal issues. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action. In addition, Defendants' have acted or refused to act on grounds generally applicable to the Class and, as such, final injunctive relief or corresponding declaratory relief with regard to the members of the Class as a whole is appropriate.

24.     Unless a class is certified, Defendants will retain monies received as a result of its conduct that was taken from Plaintiff and proposed Class members. Unless an injunction

is issued, Defendants will continue to commit the violations alleged, and the members of the Class and the general public will continue to be misled.

## PLAINTIFF'S EXPERIENCE

25. Plaintiff saw advertisements about Brett Bros Accessories that touted the health benefits of Brett Bros products.

26. Following his viewing of these advertisements, and in reliance on the advertisements, Plaintiff purchased a Brett Bros necklace for himself in Omaha Nebraska at the 2011 College World Series. Plaintiff hoped to experience the increased energy and focus and reduced fatigue and stress that the Brett Bros website described. The Brett Bros necklace purchased cost approximately $30.00. Plaintiff used the Brett Bros necklace as instructed and advertised, but did not experience any of the promised benefits. Thus, Plaintiff has been damaged in purchasing a Brett Bros Accessory that was worthless to him.

## FIRST CAUSE OF ACTION
## Iowa Code § 714H
### (Violation of the Iowa "Private Right of Action for Consumer Frauds Act")
**By Plaintiff and the Class Against All Defendants**

27. Plaintiff hereby incorporates paragraphs 1-26 above as if set forth in full.

28. The Iowa "Private Right of Action for Consumer Frauds Act" prohibits unfair and deceptive trade practices in the sale, lease, or advertisement of a product or service, and in the solicitation of charitable contributions. The Act's purpose is to protect consumers

against these unfair and deceptive business practices, and to provide efficient and economical procedures to secure such protection.

29. Specifically, Plaintiff alleges that Defendants have violated the Iowa "Private Right of Action for Consumer Frauds Act" by engaging in the unfair and/or deceptive acts and practices set forth within the Act. Defendants' unfair and deceptive business practices in carrying out the marketing program described above were and are intended to and did and do result in the purchase of Defendants' products by consumers, including Plaintiff, in violation of the Iowa "Private Right of Action for Consumer Frauds Act".

30. Plaintiff's right as a consumer to bring this action at law derives from the Iowa "Private Right of Action for Consumer Frauds Act," 714H. The Iowa legislature enacted the Iowa "Private Right of Action for Consumer Frauds Act" to allow Iowa consumers who have been victimized by an unfair or deceptive trade business practice to obtain damages and other such equitable relief as the Court deems necessary to protect the public from further violations.

31. As a result of Defendants' unfair and/or deceptive business practices, Plaintiff and all purchasers of Defendants' products have lost money in that they paid for products that did not have the benefit as represented. Plaintiff seeks and is entitled to an order enjoining Defendants from continuing to engage in the unfair and deceptive business practices alleged herein.

32. Plaintiff and his counsel have sought and have obtained the approval to bring this claim pursuant to §714H.7.

## SECOND CAUSE OF ACTION
### Unjust Enrichment
### By Plaintiff and the Class Against All Defendants

33. Plaintiff hereby incorporates paragraphs 1-23 above as if set forth in full.

34. To the detriment of Plaintiff and members of the Class, Brett Bros has been and continues to be unjustly enriched as a result of the unlawful and/or wrongful acts described herein, and continues to so benefit to the detriment and at the expense of the Plaintiff and members of the Class.

35. Defendant has benefited from its unlawful acts and it would be inequitable for Defendant to be permitted to retain any of the ill-gotten gains resulting from the unlawful or wrongful acts described herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff individually and on behalf of the class, prays for relief and judgment as follows:

1. For preliminary and permanent injunctive relief enjoining Defendants, its agents, servants and employees, and all persons acting in concert with the, from engaging in, and continuing to engage in, the unfair, unlawful and/or fraudulent business practices alleged above and that may yet be discovered in the prosecution of this action;

2. For certification of the putative class;

3. For damages, restitution and disgorgement of all money or property wrongfully obtained by Defendants by means of its herein-alleged unlawful, unfair, and fraudulent business practices;

4. Recovery of the amounts by which the Defendant has been unjustly enriched;

5. For an accounting by Defendants for any and all profits derived by Defendants from their herein-alleged unlawful, unfair and/or fraudulent conduct and/or business practices;

6. For attorneys' fees and expenses pursuant to all applicable laws including, without limitation, the ICFA;

7. For costs of suit; and

8. For such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands a jury trial on all issues so triable.

Dated: February 6, 2012

**HUDSON MALLANEY SHINDLER & ANDERSON P.C.**

*/s/ J. Barton Goplerud*
J. Barton Goplerud, AT0002983
5015 Grand Ridge Drive, Suite 100
West Des Moines, Iowa 50265
Telephone: (515) 223-4567
Fax: (515) 223-8887
Email: jbgoplerud@HudsonLaw.net

**TOSTRUD LAW GROUP, P.C.**
Jon A. Tostrud (*pro hac vice forthcoming*)
1901 Avenue of the Stars, Suite 200
Los Angeles, CA. 90067
Telephone: (310) 278-2600
Fax: (310) 278-2640

**GLANCY BINKOW & GOLDBERG LLP**
Marc L. Godino (*pro hac vice forthcoming*)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150

Fax:          (310) 201-9160

***ATTORNEYS FOR PLAINTIFF***